IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>    v.<br><br>TONYA ROTE, an individual,<br><br>            Defendant. | Case No. 3:16-cv-01432-HZ<br><br>TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE |

This matter came before the Court on Plaintiff Allstate's Emergency Motion for Entry of Temporary Restraining Order. The Court, having reviewed Allstate's Motion and the supporting documents filed therewith, now HEREBY FINDS AS FOLLOWS:

1. Allstate is likely to succeed on the merits as to its claim for breach of a valid and enforceable contract between Allstate and Defendant Rote, entitled "Allstate R3001C Exclusive Agency Agreement" ("EA Agreement"), effective March 1, 2015. Allstate has demonstrated a likelihood of success on the merits because: (a) Rote was obligated under

her EA Agreement to return all Allstate information and property following the termination of the EA Agreement and to not use or disclose Allstate information except for the purposes of carrying out the provisions of the EA Agreement; (b) Rote was obligated under her EA Agreement to not solicit the sale of insurance products competitive to those offered for sale by Allstate within one mile of 7427 SW Coho Court, Tualatin, Oregon until March 1, 2017; (c) Rote has retained Allstate information; (d) Rote is using, or intends to use, the Allstate information to solicit Allstate customers to terminate their relationship with Allstate and purchase products competitive to those sold and offered by Allstate; (e) Rote has no right to solicit the sale of insurance products competitive to those offered for sale by Allstate within one mile of 7427 SW Coho Court, Tualatin, Oregon until March 1, 2017; and (f) Allstate is injured and harmed as a result of Rote's refusal to return Allstate's confidential information and property to Allstate, and Rote's solicitation of insurance products competitive to those offered for sale by Allstate within one mile of 7427 SW Coho Court, Tualatin, Oregon prior to March 1, 2017.

2. Allstate has demonstrated a likelihood of success on the merits as to its claims for misappropriation of trade secrets against Rote because: (a) Allstate's confidential information constitutes trade secrets as defined by the Defend Trade Secrets Act, 18 U.S.C. § 1832, et seq. and the Oregon Uniform Trade Secrets Act, Or. Rev. Stat. § 646.461 et seq.; (b) Rote misappropriated Allstate's trade secrets following the termination of the EA Agreement and her relationship with Allstate; and (c) through Rote's unlawful retention of Allstate's trade secrets and the likelihood that Rote is soliciting or intends to solicit Allstate customers through misuse of Allstate's confidential information, Rote has misappropriated Allstate's trade secrets and has misused and threatens to continue to misuse Allstate's confidential information.

2- TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

3. Allstate has demonstrated that it will suffer irreparable harm without the entry of injunctive relief in the form of lost customers, the diminution of its customer good will, and the threatened disclosure of its trade secrets and confidential information.

4. The threatened injury to Allstate if injunctive relief is not entered outweighs any possible injury to Rote if an injunction is entered.

5. By signing the EA Agreement, Rote specifically acknowledged Allstate's right to obtain an injunctive relief, without any requirement of posting a bond, under the circumstances presented. Specifically, the EA Agreement provides, in paragraph 10 on page 14:

> Service Provider recognizes that a breach of any of the foregoing provisions will cause irreparable damage to the Company's business and that such damage will be difficult or impossible to measure. Service Provider agrees that in the event of any such breach, the Company, in addition to such other rights and remedies as it may have, will be entitled to an order granting injunctive relief from any court of competent jurisdiction against any act which would violate any such provision, without the necessity of posting a bond, and Service Provider waives any defense to an application for such order, except that the violation did not occur. Service Provider agrees that the Company will be entitled to an award of reasonable attorney's fees in the event that it is successful in an application for injunctive relieve or in an action based upon breach of the foregoing provisions.

6. The balance of the equities favors Allstate.

7. Injunctive relief is likely in the public interest.

IT IS HEREBY ORDERED:

8. Allstate's Emergency Motion for Entry of Temporary Restraining Order is hereby GRANTED;

9. Allstate is not required to post a bond or any other security in support of this Order;

10. Rote is hereby ordered to return all Allstate information and property in her custody, possession or control within (7) days to Allstate, including the following:

> business plans of Allstate; information regarding the names, addresses, and ages of policyholders; types of policies; amounts of insurance; premium amounts; the

3- TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

    description and location of insured property; the expiration or renewal dates of policies; policyholder listings and any policyholder information subject to any privacy law; claim information; certain information and material identified by Allstate as confidential or information considered a trade secret as provided herein or by law; and any information concerning any matters affecting or relating to the pursuits of Allstate that is not otherwise lawfully available to the public.

11. Rote, and any and all persons in active concert with her, are hereby enjoined from using any Allstate confidential information, including, but not limited to, any lists or other forms of data reflecting, referring, and/or relating to Allstate customers;

12. Rote, and any and all persons in active concert with her, are hereby enjoined from using any Allstate confidential information for their own benefit and from disclosing Allstate confidential information to anyone not authorized to receive the information;

13. Rote, and any and all persons in active concert with her, are hereby enjoined from soliciting the sale of insurance products competitive to those offered for sale by Allstate within one mile of 7427 SW Coho Court, Tualatin, Oregon.

14. **Rote shall appear before this Court on July 29, 2016 at 9:00 a.m. and show cause, if any, why a preliminary injunction should not be entered granting the same relief described in paragraphs 10-13 during the pendency of this action.**

15. If Rote wishes to submit any written response in advance of the hearing, she must submit such material to the Court by 5:00 p.m. on July 25, 2016.

IT IS SO ORDERED.

DATED this __20__ day of __July__, 2016.

_Marco Hernandez_
MARCO A. HERNÁNDEZ
United States District Judge

4- TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION